IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MEGAN MARIE McMURRY, Individually and a/n/f/ of J.M., and ADAM SETH McMURRY, Individually and a/n/f/ of J.M. | § § § § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO: 7:20-cv-242 |
| v. | § | |
| | § | |
| MIDLAND INDEPENDENT SCHOOL DISTRICT, ALEXANDRA WEAVER and KEVIN BRUNNER, | § § § | |
| Defendants. | § | |

**DEFENDANT ALEXANDRA WEAVER'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Alexandra Weaver ("Officer Weaver") files her Answer to Plaintiffs' First Amended Complaint, ECF No. 8, (referred to herein as "Plaintiffs' Complaint") as follows:

1.      Paragraph 1 of Plaintiffs' Complaint is a list of causes of action brought by Plaintiffs and therefore does not set forth any facts. To the extent that paragraph 1 may be deemed to set forth facts, Officer Weaver denies such facts.

2.      Officer Weaver admits this Court has jurisdiction over federal causes of action. The remaining allegations in Paragraph 2 of Plaintiffs' Complaint are denied.

3.      Officer Weaver admits this Court has supplemental jurisdiction over state causes of action. The remaining allegations in Paragraph 3 of Plaintiffs' Complaint are denied.

4.      Officer Weaver admits this Court has venue for claims made that occurred within its jurisdiction. The remaining allegations in Paragraph 4 of Plaintiffs' Complaint are denied.

5.      Due to lack of verifiable information, Officer Weaver can neither admit nor deny the facts alleged in Paragraph 5 of Plaintiffs' Complaint.

6.      Officer Weaver admits J.M. is a minor. Due to lack of verifiable information, Officer Weaver cannot admit or deny the remaining facts alleged in Paragraph 6 of Plaintiffs' Complaint.

7.      Officer Weaver admits the facts in Paragraph 7 of Plaintiffs' Complaint.

8.      Officer Weaver admits the facts in Paragraph 8 of Plaintiffs' Complaint.

9.      Officer Weaver admits the facts in Paragraph 9 of Plaintiffs' Complaint.

10.     Officer Weaver has no independent means for verifying the facts as alleged in Paragraph 10 of Plaintiffs' Complaint and therefore denies them.

11.     Officer Weaver admits J.M. and C.M. are minor children. Officer Weaver has no independent means for verifying the remaining facts as alleged in Paragraph 11 of Plaintiffs' Complaint and therefore denies them.

12.     Officer Weaver admits J.M, C.M., and Megan McMurray lived in a third-floor apartment in Midland. Officer Weaver admits C.M. attended Abell Junior High School. Officer Weaver has no independent means for verifying the remaining facts as alleged in Paragraph 12 of Plaintiffs' Complaint and therefore denies them.

13.     Officer Weaver has no independent means for verifying the facts as alleged in Paragraph 13 of Plaintiffs' Complaint and therefore denies them.

14.     Officer Weaver has no independent means for verifying the facts as alleged in Paragraph 14 of Plaintiffs' Complaint and therefore denies them.

15.     Officer Weaver has no independent means for verifying the facts as alleged in Paragraph 15 of Plaintiffs' Complaint and therefore denies them. With respect to any testimony in a trial, the transcript will speak for itself.

16.     Officer Weaver admits the factual allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17.     Officer Weaver admits Ms. McMurry had a criminal trial in Midland and was acquitted by a jury. Officer Weaver denies all other factual allegations and conclusions set forth in Paragraph 17 of Plaintiffs' Complaint.

18.     Officer Weaver's report speaks for itself. Officer Weaver admits J.M. and C.M. were left home alone for the weekend. Officer Weaver denies the remaining factual allegations and conclusions set forth in Paragraph 18 of Plaintiffs' Complaint.

19.     Officer Weaver admits the facts set forth in Paragraph 19 of Plaintiffs' Complaint.

20.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 20 of Plaintiffs' Complaint.

21.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 21 of Plaintiffs' Complaint.

22.     Officer Weaver admits she and Officer Brunner performed a wellness check and denies the remaining allegations and conclusions as characterized in Paragraph 22 of Plaintiffs' Complaint.

23.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 23 of Plaintiffs' Complaint.

24.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 24 of Plaintiffs' Complaint.

25.    Officer Weaver admits she entered the apartment and that J.M. changed clothing and denies the remaining factual allegations and conclusions as characterized in Paragraph 25 of Plaintiffs' Complaint.

26.    Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 26 of Plaintiffs' Complaint.

27.    The affidavits speak for themselves. Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 27 of Plaintiffs' Complaint.

28.    Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 28 of Plaintiffs' Complaint.

29.    Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 29 of Plaintiffs' Complaint.

30.    The affidavits speak for themselves. Officer Weaver admits J.M. was driven to Abell Junior High School and denies the remaining factual allegations and conclusions as characterized in Paragraph 30 of Plaintiffs' Complaint.

31.    Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 31 of Plaintiffs' Complaint.

32.    Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 32 of Plaintiffs' Complaint.

33.    Officer Weaver admits the trial transcript speaks for itself. Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 33 of Plaintiffs' Complaint.

34.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 34 of Plaintiffs' Complaint.

35.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 35 of Plaintiffs' Complaint.

36.     Officer Weaver admits the trial transcript speaks for itself. Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 36 of Plaintiffs' Complaint.

37.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 37 of Plaintiffs' Complaint.

38.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 38 of Plaintiffs' Complaint.

39.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 39 of Plaintiffs' Complaint.

40.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 40 of Plaintiffs' Complaint.

41.     Officer Weaver denies the factual allegations and conclusions as characterized in Paragraph 41 of Plaintiffs' Complaint.

42.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 42 of Plaintiffs' Complaint.

43.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 43 of Plaintiffs' Complaint.

44.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 44 of Plaintiffs' Complaint.

45.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 45 of Plaintiffs' Complaint.

46.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 46 of Plaintiffs' Complaint.

47.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 47 of Plaintiffs' Complaint.

48.    Officer Weaver admits that the trial transcript and affidavits therein speak for themselves. Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 48 of Plaintiffs' Complaint.

49.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 49 of Plaintiffs' Complaint.

50.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 50 of Plaintiffs' Complaint.

51.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 51 of Plaintiffs' Complaint.

52.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 52 of Plaintiffs' Complaint.

53.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 53 of Plaintiffs' Complaint.

54.    Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 54 of Plaintiffs' Complaint.

55.    Paragraph 55 sets forth no independent factual allegations. As Paragraph 55 of Plaintiffs' Complaint incorporates previous paragraphs, Officer Weaver likewise incorporates previous responses and denials as if set forth herein.

56.     Officer Weaver admits she was acting in her official capacity. Officer Weaver denies the remaining factual allegations and conclusions set forth in Paragraph 56 of Plaintiffs' Complaint.

57.     Officer Weaver admits the Fourth Amendment says what it says. Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 57 of Plaintiffs' Complaint.

58.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 59 of Plaintiffs' Complaint.

60.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 60 of Plaintiffs' Complaint.

61.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 63 of Plaintiffs' Complaint.

64.     Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 64 of Plaintiffs' Complaint.

65.     Paragraph 65 sets forth no independent factual allegations. As Paragraph 65 of Plaintiffs' Complaint incorporates previous paragraphs, Officer Weaver likewise incorporates previous responses and denials as if set forth herein.

66.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 66 of Plaintiffs' Complaint.

67.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 67 of Plaintiffs' Complaint.

68.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 68 of Plaintiffs' Complaint.

69.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 69 of Plaintiffs' Complaint.

70.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 70 of Plaintiffs' Complaint.

71.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 71 of Plaintiffs' Complaint.

72.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 72 of Plaintiffs' Complaint.

73.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 73 of Plaintiffs' Complaint.

74.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 74 of Plaintiffs' Complaint.

75.    Officer Weaver denies the factual allegations and legal conclusions set forth in Paragraph 75 of Plaintiffs' Complaint.

76.    Paragraph 76 sets forth no independent factual allegations. As Paragraph 76 of Plaintiffs' Complaint incorporates previous paragraphs, Officer Weaver likewise incorporates previous responses and denials as if set forth herein.

77.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 77 of Plaintiffs' Complaint.

78.     Due to lack of verifiable information contained therein, Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     Officer Weaver denies any factual allegations and conclusions set forth in Paragraph 79 of Plaintiffs' Complaint.

80.     Paragraph 80 sets forth no independent factual allegations. As Paragraph 80 of Plaintiffs' Complaint incorporates previous paragraphs, Officer Weaver likewise incorporates previous responses and denials as if set forth herein.

81.     Officer Weaver denies all factual allegations and conclusions set forth in Paragraph 81 of Plaintiffs' Complaint.

82.     Officer Weaver denies all factual allegations and conclusions set forth in Paragraph 82 of Plaintiffs' Complaint.

83.     Officer Weaver denies the factual allegations and legal conclusions as characterized in Paragraph 83 of Plaintiffs' Complaint.

84.     Officer Weaver denies the factual allegations and legal conclusions as characterized in Paragraph 84 of Plaintiffs' Complaint.

85.     Officer Weaver denies the factual allegations and legal conclusions as characterized in Paragraph 85 of Plaintiffs' Complaint.

86.     Officer Weaver likewise seeks a jury trial as requested by Plaintiffs in Paragraph 86 of Plaintiffs' Complaint.

87.     Officer Weaver denies Plaintiffs' Prayer and that Plaintiffs are entitled to any of the relief sought therein.

88.    Officer Weaver denies all factual allegations in Plaintiffs' Complaint not specifically admitted herein.

89.    Officer Weaver reserves the right to amend this Answer if additional information becomes available.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

90.    Plaintiffs fail to plead or state a valid claim under the U.S. Constitution or 42 U.S.C. § 1983 against Officer Weaver.

### SECOND AFFIRMATIVE DEFENSE

91.    Plaintiffs fail to include any facts or causes of action that entitle Plaintiffs to relief under any law.

### THIRD AFFIRMATIVE DEFENSE

92.    Officer Weaver has professional school law / statutory immunity from Plaintiffs' state law claims.

### FOURTH AFFIRMATIVE DEFENSE

93.    Officer Weaver has qualified immunity from Plaintiffs' federal claims.

### FIFTH AFFIRMATIVE DEFENSE

94.    Officer Weaver has official and/or good faith immunity from Plaintiffs' state law claims.

95.    Officer Weaver reserves the right to assert additional affirmative defenses to the extent they become known to Officer Weaver during the course of these proceedings.

## COUNTERCLAIM

96.    Officer Weaver is entitled to attorney's fees and costs under Texas Education Code
§ 22.0517.

## JURY TRIAL DEMAND

97.    Officer Weaver demands trial before a jury in this matter.

## PRAYER

WHEREFORE, premises considered, Officer Weaver prays that this Court deny
Plaintiffs' requested relief and grant Officer Weaver all relief, including costs and
attorney's fees, both in equity and in law, to which Officer Weaver is entitled.

Respectfully submitted,

**EICHELBAUM WARDELL
HANSEN POWELL & MUÑOZ, P.C.**

BY: /s/ DENNIS J. EICHELBAUM
DENNIS J. EICHELBAUM
TEXAS BAR NO. 06491700
DEICHELBAUM@EDLAW.COM
*LEAD COUNSEL*

SCOTT W. THOMAS
TEXAS BAR NO. 24075624
SWT@EDLAW.COM

EMMA J. DARLING
TEXAS BAR NO. 24110889
EJD@EDLAW.COM

EICHELBAUM WARDELL
HANSEN POWELL AND MUÑOZ, P.C.
5801 TENNYSON PARKWAY, SUITE 360
PLANO, TEXAS 75024
(TEL.) 972-377-7900
(FAX) 972-377-7277
*ATTORNEYS FOR OFFICER WEAVER*

## Certificate of Service

The undersigned certifies that a true and correct copy of this pleading was served on December 17, 2020 on the following counsel of record:

Peter F. Bagley
BLUMBERG BAGLEY PLLC
2304 W. Interstate 20, Ste. 190
Arlington, Texas 76017
peter@blumbergbagley.com
*Counsel for Plaintiffs*

Stephen D. Henninger
FANNING HARPER MARTINSON BRANDT & KUTCHIN, PC
4849 Greendale Ave., Suite 1300
Dallas, Texas 75206
shenninger@fhmbk.com
*Counsel for Defendant Kevin Brunner*

Kathryn E. Long
THOMPSON & HORTON, LLP
500 North Akard St., Suite 3150
Dallas, Texas 75201
klong@thompsonhorton.com
*Counsel for Defendant Midland Independent School District*

/S/ DENNIS J. EICHELBAUM
Dennis J. Eichelbaum

*McMurry v. MISD, et al.*
Defendant Weaver's Answer to Plaintiffs' First Amended Complaint
Page 12